UNITED STATES DISTRICT COURT                                           JS-6
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   **CV 14-4829-JFW**                          Date: September 22, 2014

Title:     In Re: Marilyn S. Scheer
           Marilyn S. Scheer -v- The State Bar of California, et al.

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                          **None Present**
    **Courtroom Deputy**                         **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                           None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER AFFIRMING BANKRUPTCY COURT'S
                                   DISMISSAL ORDER**

On June 23, 2014, Appellant Marilyn S. Scheer ("Scheer") filed an Appeal from the United States Bankruptcy Court's June 5, 2014 Order Granting Motion to Dismiss ("Appeal"). On July 24, 2014, Scheer filed her Opening Brief. On August 7, 2014, the State Bar of California, Luis J. Rodriguez ("Rodriguez"), Joseph Dunn ("Dunn"), Joann Remke ("Remke"), and Kenneth E. Bacon ("Bacon") (collectively, "Respondents") filed their Opposing Brief. On August 18, 2014, Scheer filed a Reply Brief. On September 17, 2014, Respondents filed a Notice of Subsequent Relevant Authority.[1] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's September 8, 2014 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

---

[1] The subsequent relevant authority submitted by Respondents, *Sailor Music v. Walker (In re Walker)*, ___ B.R. ___, 2014 WL 3882494 (8th Cir. BAP Aug. 8, 2014), addresses the non-dischargeability of a debt under 11 U.S.C. § 523(a)(6). Because the Court has not relied on Section 523(a)(6) or *In re Walker* in its decision, Scheer's proposed response to Respondents' Notice of Subsequent Authority is unnecessary. Accordingly, Scheer's Motion for Leave of Court to Respond to Defendant'Appellees' "Notice of Subsequent Authority" is **DENIED**.

Initials of Deputy Clerk   sr

## I.      Factual and Procedural Background

In 2010, Scheer, a licensed California attorney was paid $5,500.00 by her then-client, Walter Clark ("Clark"), to perform legal services related to home mortgage modification.[2]  Shortly after accepting the $5,500.00 fee, a dispute arose between Scheer and Clark which resulted in Clark terminating Scheer's services before she had completed the home mortgage modification services she had been retained to provide.  Thereafter, Clark commenced a proceeding under California's mandatory fee arbitration provision seeking the return of the $5,500.00 he had paid Scheer.[3]

The matter proceeded to arbitration before Orange County Attorney Robert Adel ("Adel").  Adel decided that although Scheer had adequately performed legal services on behalf of Clark up to the date that Clark terminated the relationship, she had violated California Civil Code § 2944.7(a)[4], and, therefore, was required to refund the entire $5,500.00 to Clark.  In addition, because Scheer violated Section 2944.7(a), she was subject to discipline under California

---

[2]  On September 27, 2010, Clark retained Scheer and paid her $3,000.  On November 5, 2010, Clark paid Scheer an additional $2,500.

[3]  The California Supreme Court retains inherent powers over all matters related to the admission to practice law (*Hustedt v. Workers' Comp. Appeals Bd.*, 30 Cal. 3d 329, 336 (1981)), but the State Bar of California serves as its "administrative arm . . . for the purpose of assisting in matters of admission and discipline of attorneys."  *Saleeby v. State Bar*, 39 Cal. 3d 547, 557 (1985).  The State Bar can only exercise those powers delegated to it by statute or rules promulgated by the California Supreme Court.  *In re Attorney Discipline Sys.*, 19 Cal. 4th 582, 600 (1998).  Attorney disciplinary proceedings are commenced in the State Bar Court, and adverse decisions can be appealed to the State Bar Court's Review Department, and, ultimately, to the California Supreme Court.  California's mandatory fee arbitration program is an integral component of the attorney discipline system in California.  *Id.* at 622 ("Although it may be argued that the arbitration program is not necessarily an indispensable part of an attorney disciplinary process, it is a valuable and justifiable component of a comprehensive disciplinary system").

[4]  California Civil Code §2944.7(a) provides:

Notwithstanding any other provision of law, it shall be unlawful for any person who negotiates, attempts to negotiate, arranges, attempts to arrange, or otherwise offers to perform a mortgage loan modification or other form of mortgage loan forbearance for a fee or other compensation paid by the borrower, to do any of the following:  (1) Claim, demand, charge, collect, or receive any compensation until after the person has fully performed each and every service the person contracted to perform or represented that he or she would perform; (2) Take any wage assignment, any lien of any type on real or personal property, or other security to secure the payment of compensation; and (3) Take any power of attorney from the borrower for any purpose.

Initials of Deputy Clerk   sr

Business and Professional Code § 6106.3.  The Arbitration Award was entered on September 7, 2011.

After Clark notified the State Bar that Scheer had not paid the Arbitration Award, Bacon, the Administrator of the Fee Arbitration Program, commenced a proceeding in the State Bar Court seeking Scheer's suspension from the practice of law under California Business and Professional Code § 6203(d)(1).[5]  Scheer unsuccessfully opposed the State Bar Court's suspension proceeding, and the State Bar, in an Order dated February 25, 2013, placed her on involuntary inactive enrollment status, which suspended her right to practice law.  Scheer ultimately appealed her order of suspension to the California Supreme Court, which denied her petition for review.

On July 12, 2013, Scheer filed a Chapter 7 bankruptcy petition under 11 U.S.C. § 541(a).  There was no challenge to the bona fides of Scheer's filing of her Chapter 7 petition by the bankruptcy trustee, the office of the U.S. Trustee, or any creditor, including Clark.[6]  Although the State Bar and Clark were given notice of Scheer's bankruptcy filing, no creditor filed objection to the dischargeability of any debt in Scheer's bankruptcy case.  Scheer correctly points out that Clark failed to file a complaint to except the Court ordered award of $5,500 from discharge under section 523(a)(6) before the deadline of October 11, 2013, and her debt to Clark was therefore discharged.  Scheer received her discharge on November 18, 2013.[7]

On November 1, 2013, Scheer filed her Complaint in an adversary proceeding in the United States Bankruptcy Court for the Central District of California against the State Bar of California; Rodriguez, individually and in his official capacity as President of the Board of Trustees of the State Bar; Dunn, individually and in his official capacity as Executive Director of the State Bar; Remke, in her official capacity as Presiding Judge of the State Bar Court; and Bacon, individually and as Presiding Arbitrator of the State Bar.  In her Complaint, Scheer alleged claims for: (1) violation of the automatic/permanent stay of 11 U.S.C. §§ 362, 524 and 727; and (2) discriminatory

---

[5]  California Business and Professional Code §6203(d)(1) requires the State Bar to suspend an attorney who fails to comply with arbitration-ordered refund unless the attorney can demonstrate either that the attorney is unable to pay the Court-ordered refund or the attorney cannot propose a reasonable payment plan.

[6]  Scheer objects to what she characterizes as Respondents' speculative and mean spirited suggestion that she filed the bankruptcy solely to avoid paying the $5,500 awarded to Clark.  The Court concludes that Scheer's motivation in filing the Chapter 7 petition is irrelevant to the issues on appeal and the Court will assume she simply did not have the means to pay the $5,500.00.

[7]  Scheer claims that her law license was not suspended by entry of the arbitration judgment but by the State Bar's erroneous order of February 25, 2013 misapplying the provision of California Business and Professional Code § 6203(d)(2)(B)(ii) and State Bar Rule of Procedure 5.365B.  However, those arguments were resolved against her by the California Supreme Court.

Initials of Deputy Clerk  _sr_

treatment under 11 U.S.C. § 525(a).  Scheer also sought damages, a judicial declaration that the Clark Judgment was discharged, and requested an Order from the Bankruptcy Court reinstating her law license.

On December 2, 2013, Respondents filed a Motion to Dismiss Scheer's Complaint ("Motion"), asserting a lack of subject matter jurisdiction under FRBP 7012(b)(1) and failure to state a claim under FRBP 7012(b)(6).  After the Motion was fully briefed, the Bankruptcy Court heard arguments, and entered an Order granting Respondents' Motion on June 5, 2014.  The Bankruptcy Court determined that the debt to Mr. Clark was non-dischargeable under Bankruptcy Code 523(a)(7), and, therefore, Scheer's Complaint did not and could not state a claim under Bankruptcy Code Section 525(a).

## II.   Issues Raised on Appeal

Scheer raises the following four issues on appeal:

1.  Was it reversible error for the Bankruptcy Court to have concluded that the Clark judgment was penal in nature?

2.  Was it reversible error for the Bankruptcy Court to have found that the Clark judgment was nondischargeable under 11 U.S.C. §523(a)(7) in the absence of any showing that the judgment was payable to and for the benefit of a governmental unit and not compensation for actual pecuniary loss?

3.   If the Bankruptcy Court erred in finding the Clark judgment nondischargeable under 11 U.S.C.§523(a)(7), is Scheer entitled to have her law license reinstated pursuant to 11 U.S.C. §525(a)?

4.   If the Bankruptcy Court erred in finding the Clark judgment nondischargeable under 11 U.S.C.§523(a)(7), was it also error to have concluded that Respondents were not in violation of the stays imposed under the Bankruptcy Code by refusing to reinstate Scheer's law license?

The Court finds that Scheer's issues on appeal essentially involve the single question of whether or not the bankruptcy court erred in finding the Clark Judgment non-dischargeable under 11 U.S.C.§523(a)(7).

## III.   Legal Standard

"The district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions."  *In re Boyd*, 243 B.R. 756, 759 (N.D. Cal. 2000) (citing *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997)).  "Thus, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." *Id.*  (citing *In re Southern Cal. Plastics, Inc.*, 165 F.3d 1243, 1245 (9th Cir. 1999)); see also *In re Gebhart*, 621 F.3d 1206, 1209 (9th Cir. Sept. 14, 2010) ("[T]he bankruptcy court's findings of fact

Initials of Deputy Clerk   sr

are reviewed for clear error, and conclusions of law are reviewed de novo.").

In reviewing a bankruptcy court 's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court reviews legal determinations de novo.  See, *In re Olshan*, 356 F.3d 1078, 1083 (9th Cir. 2004); *Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc.*, 610 F.3d 1063, 1066 (9th Cir. 2010).  A district court reviews a bankruptcy court 's decision to deny: (1) leave to amend, and (2) a motion for reconsideration, under an abuse of discretion standard.  See, *Leadsinger, Inc. v. VMG Music Pub'g*, 512 F.3d 522, 532 (9th Cir. 2008).

In reviewing the Bankruptcy Court's Order, the Court accepts as true the factual allegations in the complaint and construe those allegations in the light most favorable to the nonmoving party.  *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 849–50 (9th Cir. 2011).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court will uphold a Bankruptcy Court's decision to dismiss "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."  *Hinds Invs.*, 654 F.3d at 850.

## IV.    Discussion

Section 523(a) of the Bankruptcy Code excepts various types of debts from the effects of a discharge order entered in a Chapter 7 case.  The exception relied on by the Bankruptcy Court in this case is § 523(a)(7).

### A.    The Bankruptcy Court Did Not Erred in Finding the Clark Judgment Non-Dischargeable under Bankruptcy Code § 523(a)(7).

Bankruptcy Code §523(a)(7) excepts from discharge any debt:

> To the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, . . .")

11 U.S.C. §523(a)(7).

The Court agrees with the Bankruptcy Court that under *Kelly v. Robinson*, 479 U.S. 36 (1986), Section 523(a)(7) should be interrupted broadly to prevent debtors from escaping the consequences of their misconduct.  *United States Dep't of Housing and Urban Development v. Cost Control Marketing & Sales Mgmt of Virginia, Inc.*, 64 F.3d 920, 927 (4th Cir. 1995) ("The Supreme Court has given §523(a)(7) a broad reading and has held that it applies to all criminal and civil penalties even those designed to provide restitution to injured private citizens"); *Searcy v. Ada Cnty Prosecuting Atty Office* (*In re Searcy*) 463 B.R. 888, 892 (9th Cir. BAP 2012) (affirming holding that attorneys' fees assessed against incarcerated debtor for pursuing frivolous claims were assessed as penalty).

Initials of Deputy Clerk _sr_

The Court also agrees with the Bankruptcy Court that it is well established that attorney disciplinary actions implicate the same considerations - deterrence and rehabilitation – as a criminal action.  *See, e.g., Richmond v. New Hampshire Supreme Court Committee*, 542 F.3d 913, 920 (1st Cir. 2008) ("Rehabilitation and deterrence are the same public functions that were at issue in *Kelly*").  Therefore, the Court concludes that the Arbitration Award was penal in nature because it resulted from Scheer's violation of Civil Code § 2944.7[8], and her suspension for failing to comply with the Arbitration Award was a disciplinary action undertaken in furtherance of the State's public protection responsibilities.

In addition, the Court concludes that the Arbitration Award directing Scheer to return the funds to Clark was "payable to and for the benefit of a governmental unit" as required by Section 523(a)(7).  Under *Kelly*, penalties are non-dischargeable even if the payments are made directly to a private individual.  *Kelly*, 479 U.S. at 53 (holding that where a state has a non-pecuniary interest in enforcing a penalty, enforcement is no longer "wholly private," and the presence of that interest satisfies the "to and for the benefit" requirement).  Furthermore, California law authorizes the imposition of restitution in any circumstance where money or property is illegally obtained from a person.  *Cortez v. Purolator Air Filtration Products*, 23 Cal. 4th 163, 177-78 (2000).  In this case, Arbitrator Adel found that Scheer had violated Civil Code § 2944.7, and then ordered Scheer to return the exact amount obtained from Clark as punishment for violating Section 2944.7.  Therefore, the Arbitration Award was restitutionary in nature because it restored to Clark that which was illegally taken from him by Scheer.  Because the Arbitration Award was penal and restitutionary in nature, the debt was not "wholly private" and, thus, satisfies the "payable to and for the benefit of a governmental unit" requirement of Section 523(a)(7).  *In re Phillips*, 2010 WL 4916633 (C.D. Cal. Dec. 1, 2010) ("The focus of the [*Kelly*] Court's inquiry was on the governmental interest and purpose in imposing a fine or penalty, not on the ultimate destination of the money").

Moreover, the "not compensation for actual pecuniary loss" element of Section 523(a)(7) is satisfied.  The "not compensation for actual pecuniary loss" element refers to the government's pecuniary loss.  *U.S Dept. Of Housing & Urban Development v. Cost Control Marketing & Sales Management of Virginia, Incorporated*, 64 F.3d 920 (4th Cir. 1995).  In this case, the State Bar of California is not owed any money by Scheer, and is not seeking to collect any money from her.

---

[8]  The Court is mindful of Arbitrator Adel's observation in the Statement of Decision, paragraph 10, "I do not believe [Scheer's] violation of the statute was willful or malicious and the undisputed fact that Scheer provided competent and professional legal services to Clark before she was terminated."  In addition, the Court rejects Respondents' argument that Scheer attempts to trivialize her violation of Civil Code §2944.7.  However, the Court agrees with Respondents that Scheer's unexcused failure to comply with the Arbitrator's Award constitutes professional misconduct that presents a danger to the public, and that California law views her compliance with the Arbitrator's Award as essential in order to establish that she has been rehabilitated.  In light of the above finding by Arbitrator Adel, the Court concludes that Respondents' argument that the Clark judgment is also non-dischargeable under Section 523(a)(6) is unpersuasive.

Accordingly, the Court concludes that Scheer's obligation to return the funds she illegally obtained from Clark fits comfortably within *Kelly*'s broad interpretation of Section 523(a)(7), and, thus, Scheer's obligation is non-dischargeable.

## B.      Respondents Did Not Violate Bankruptcy Code § 525(a).

Finally, even if the Court assumes *arguendo* that Scheer's obligation to refund the fee she illegally charged Clark is dischargeable, the Court concludes that Respondents' alleged conduct fails to violate Section 525(a).  To violate section 525(a), a governmental entity must "deny, revoke, suspend, or refuse to renew" a debtor's license for having filed for bankruptcy or failed to pay a dischargeable debt.  11 U.S.C. § 525.  In this case, Scheer's Complaint admits that she was not a debtor when she was suspended, and, therefore, Bankruptcy Code § 525 does not apply.  *In re Majewski*, 310 F.3d 653, 656 (9th Cir. 2002).  Instead, Scheer's Complaint is based on an alleged failure to "lift" that suspension.

After the California Supreme Court denied Scheer's petition for review of the suspension, Respondents had no power to reinstate Scheer.  Rule 5.370 of the California State Bar Rules of Procedure only permitted the State Bar Court to reinstate Scheer if she had filed a motion and demonstrated proof of payment of the amount owed to Clark.  Scheer never filed the necessary motion.  Moreover, even if Scheer had filed the requisite motion, the California State Bar has no authority to determine that a bankruptcy discharge is the equivalent of "proof of payment."

## V.      Conclusion

Accordingly, for all the foregoing reasons, the Bankruptcy Court's June 5, 2014 Order Granting Respondents' Motion to Dismiss Scheer's Complaint is **AFFIRMED**.

IT IS SO ORDER ED.

Initials of Deputy Clerk   _sr_